IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV555-01-MU

| | |
|---|---|
| CARLTON E. NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HENDERSON COUNTY SHERIFF DEP'T ) | |
| UNKNOWN OFFICER, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed December 29, 2008.

In his Complaint Plaintiff asserts that sometime during 1997 or 1998, he was arrested by Henderson County Sheriff Officers and his rights under 28 U.S.C. §§ 1331 and 1350 were violated. More specifically, Plaintiff alleges that he was never informed of his right under the Vienna Convention to contact his consulate. Plaintiff sues two state prosecutors, two state judges, and unidentified sheriff's officers. For relief, Plaintiff seeks ten million in nominal damages, ten million in compensatory damages, and ten million in punitive damages from each Defendant.

Plaintiff's Complaint fails for at least two reasons. First, Plaintiff's Complaint is untimely. Because there is no federal statute of limitations for § 1983 actions, the state statute governing personal injury is applied. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C. Gen. Stat. § 1-52(5). Consequently, § 1983 claims arising in North Carolina have a three year statute of

limitations. National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991). In his Complaint Plaintiff asserts that the actions upon which he is basing his lawsuit took place in 1997 and 1998 - over ten years ago. Because over three years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit, his claim is untimely and is dismissed.

Moreover, even if Plaintiff's Complaint were timely, he fails to state a claim. In initiating a prosecution and in presenting the State's case, a prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 427, 430 (1976). This absolute immunity attaches to prosecution conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. Plaintiff's claim that Defendants Ellis and Brooks violated his rights by not telling him of his right to contact his consulate is a claim "intimately associated with the judicial phase of the criminal process" and thus they are entitled to absolute immunity and are dismissed from this case.

Likewise, Defendants Gash and Lewis, state court judges, are also immune from damages. Judges are immune from damages liability for judicial acts unless they are done in the clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff has not alleged any facts sufficient to support an allegation that Defendants Gash and Lewis acted in the clear absence of all jurisdiction. Consequently, the Court finds that these Defendants are also immune from liability in this matter.

Finally, Plaintiff names unidentified sheriff's deputies as defendants. Plaintiff does not allege facts sufficient to state a constitutional claim against the sheriff's deputies. As such, Plaintiff has failed to state a claim against these unidentified sheriff's deputies.

As each of the defendants is either immune from suit or Plaintiff has failed to state a claim against them, Plaintiff's Complaint is dismissed on this basis as well.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

Signed: January 7, 2009

Graham C. Mullen
United States District Judge